IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | CRIMINAL NO. RDB-19-0438 |
| JAMIE CLEMONS | * | |

**MEMORANDUM AND ORDER**

Currently pending are Defendant's Motion to Set Conditions of Release (ECF No. 42) ("Motion"), Defendant's Supplement to Motion to Set Conditions of Release (ECF No. 43) ("Supplement No. 1), Defendant's Supplement to Motion to Set Conditions of Release (ECF No. 44) ("Supplement No. 2), the Government's Opposition to Motion to Set Conditions of Release (ECF No. 45) ("Opposition"), and Defendant's Letter dated April 2, 2020 (ECF No. 46) ("Sealed Letter"). For the reasons stated below, the Motion (ECF No. 42) is denied.

A detention hearing was held in this case on September 16, 2019. After both parties were fully heard, I detailed my reasons for issuing a detention order on the record at the hearing. I issued an Order of Detention summarizing those reasons (ECF No. 9). Thereafter, on December 11, 2019, defendant filed a Motion to Set Conditions of Release (ECF No. 18), and the government filed a Response to Defendant's Motion for Second Detention Hearing. (ECF No. 20). The court entered an Order on December 17, 2019 (ECF No. 21) denying Defendant's Motion (ECF No. 18).

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendant argues that the COVID-19 Virus Pandemic constitutes changed circumstances warranting the defendant's release. Specifically, defendant argues that he is being detained at the Correctional Treatment Facility, Washington, D.C. and that Covid-19 has spread to the facility, thereby placing all inmates in jeopardy of contracting this contagious disease. (ECF No. 42 at 1). Defendant has also submitted a sealed supplement in support of his request regarding his health history as well as the health status of other detainees. (ECF No. 46).

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic." United States v. Martin, Crim. No. PWG-19-140-13, ECF No. 209 at 4 (D. Md. Mar. 17, 2020). "Virtually every sector of public life has been affected, . . . [and] [e]xperts tell us that the rate of infections has yet to peak in the United States." See United States v. Williams, Crim. No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020). Notwithstanding the COVID-19 pandemic, however, the decision whether to release an individual pending trial still requires

an individualized assessment of the factors identified in the Bail Reform Act, 18 U.S.C. § 3142(g).

The court fully analyzed those factors at defendant's detention hearing, and further considered those factors a second time when it considered the defendant's subsequent motion to set conditions of release. As noted in the court's detention order, those factors overwhelmingly supported a finding that detention was appropriate: "(1) Nature of offense and circumstances – obstruction of justice/investigation of an assault; (2) Criminal history – substantial history of victim related offenses – assaults, violations of ex partes; (3) Poor adjustment to community supervision and conditions of bond; (4) History of continued criminal activity while under community supervision and while on conditions of release; (5) Weight of evidence is substantial." (ECF No. 9).

Defendant had not offered any basis upon which to reconsider the order of detention. The defendant's health status and the information regarding other detainees does provide a basis upon which to order the defendant's release. [1] While the court is concerned for the defendant, and for all others both inside and

---

[1] The Sealed Letter filed by the defendant provides information regarding the health status of detainees other than the defendant. (ECF No. 46). The government has provided additional information regarding those detainees, some of which is inconsistent with the statements made by the defendant. (ECF No. 45 at 9). Although I need not resolve these factual disputes as they are not material to my ruling, I caution all counsel to ensure the factual accuracy of statements made in their submissions to the court, to cite to the source of any such information, and to articulate why the court should rely on such information.

outside of the detention facility, these concerns alone are insufficient to trigger the release of an individual who this Court has determined poses a threat to the safety of the community, particularly given proffers by the Government that the correctional and medical staff within the Department of Corrections ("DOC") are implementing comprehensive precautionary and monitoring practices sufficient to protect detainees from exposure to the COVID-19 . (ECF No. 45 at 6). There is no evidence on the record that defendant's needs will not be met if detained. Moreover, defendant's personal health status does not warrant his release. As noted in the government's Opposition, this Court has recently denied motions for release where detainees have claimed that they had medical conditions that made them uniquely vulnerable to COVID-19. (ECF No. 45 at 10-11). Defendant has failed to explain why he should be treated differently from these defendants.

In conclusion, defendant has not presented any new information that has a material bearing on the issue of detention that would warrant the reopening of the detention hearing or that would cause me to reconsider my Order of Detention in accordance with 18 U.S.C. § 3142(f).

Accordingly, Defendant's Motion (ECF No. 42) is denied.

Date:___4/6/20_____          _____/s/_____
                                    Beth P. Gesner
                                    Chief United States Magistrate Judge