IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.:  1:19-CR-00438-RDB-1 |
| JAMIE CLEMONS | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM REGARDING TESTIMONY OF RAYMOND O'BROCKI

Regarding expert testimony. Federal Rules of Criminal Procedure §16 (b)(1)(c) provides:

> "(C) *Expert Witnesses*. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—
>
> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

Pursuant to 16 (b)(1)(c), Counsel filed disclosure of the expert witness (Mr. Raymond O'Brocki) as well as a summary of his testimony. That summary complied with the requirements of the rule.  Then a report from Raymond O'Brocki was filed on November 10, 2020.

The Court directed that a report from Mr. O'Brocki be provided to the Government and filed in the case. A four page report was provided in spite of the Defendant's insistence that there had been no report completed by Mr. O'Brocki and thus none had to be filed. In

1

compliance with the Court's directive, that report was completed and provided to the Government and filed in the case. The Court has now directed that memorandum be filed. The Defendant through Counsel notes objection to this directive, but will comply. The Court is compelling the Defendant to provide to the Government its theory of defense and the defense itself. Such, Counsel submits, is prejudicial to the Defendant.

Mr. O'Brocki, in his report of November 10, 2020, lists the documents which he reviewed; the documents in which he relies upon in establishing his theories as to the fire. These conclusions and opinions of Mr. O'Brocki are not speculation; they are fact based upon his extensive experience that in all likelihood exceeds the experience of the Government's own experts.  The detailed four page report further complies with Rule 702 in that Mr. O'Brocki's testimony would:

(a) assist the trier of fact in understanding the evidence based upon his extensive specialized training;

(b) his testimony will be based upon the facts and data supplied by the Government in Discovery;

(c) his testimony will be based upon reliable principles such as his knowledge and references to the National Fire Protection Association (NFPA);

(d) his assessment of the evidence in the case, coupled with his experience will allow him to apply relevant principles and methods to the facts of the case.

FED. R. EVID. 702

The Defense disclosure is more than adequate in its content to allow the Government to prepare its cross-examination of this expert. Mr. O'Brocki is far from any "untrained laymen" in his vast amount of fire investigations. The Government is relying heavily upon

experts throughout their entire case and it is absolutely crucial for the Defense to have an opportunity to counter those experts with experts of its own. The Defendant would be completely bereft of any semblance of a fair trial without the use of experts.

The report, testimony and experience of Mr. O'Brocki, clearly qualifies him as an expert and will allow the trier of fact to be assured that "the witness must have such knowledge or experience in {his} field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks,* 389 F. 3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois,* 950 F.2d 980, 987 (5th Cir. 1992).

The Defendant has been denied the ability to have its own expert examine the DNA exhibit. Because of this disability, Mr. O'Brocki has spent additional time carefully analyzing and reviewing all information provided by the Government laboratory. Mr. O'Brocki has testified in federal courts throughout the United States (six times) and was prepared to testify in at least six more where his appearance was not required. In these instances, Dr. Reich has worked with the laboratories involved and is familiar with procedures. He has taken what has been given to him, reviewed and digested the same, and has provided his conclusions. It is his review of the documents and reports, his analysis of them, his application of his expertise and experience and his conclusions derived therefrom that the defense will present to the jury.

## **CONCLUSION**

Now that the trial date has been postponed due to Covid, the Defense would proffer that any argument pertaining to insufficient time for the Government to prepare for the

Defense experts should be deemed moot at this point in time. The Defense respectfully requests that this Honorable Court allow Mr. O'Brocki to testify based upon his vast experience and his report. His expert testimony will be crucial to the Defense.

Respectfully submitted,

/S/

_____

HOWARD L. CARDIN
Federal Bar No. 00459
309 Allegheny Avenue
Towson, MD 21204
410-727-3868
hlcardin@aol.com

/S/

_____

DAVID N. MABREY
Federal Bar No. 20191
8611 Fort Smallwood Road
Pasadena, MD 21122
443-848-2878
davidnmabreylaw@gmail.com

Attorneys for Defendant

## CERTIFICATE OF MAILING

I hereby certify that on this 20th day of November, 2020, I filed the above electronically with the Clerk of the United States District Court using CM/ECF with copies to all counsel of record.

/S/

_____

HOWARD L. CARDIN