## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **Chambers of**<br>Richard D. Bennett<br>United States District Judge<br>Northern Division | U.S. Courthouse - Chambers 5D<br>101 W. Lombard Street<br>Baltimore, MD 21201<br>Tel:  410-962-3190<br>Fax: 410-962-3177 |

March 29, 2021

**LETTER ORDER**

TO: COUNSEL OF RECORD

    RE:    *USA v. Jamie Clemons*
            Criminal No. RDB-19-0438

Dear Counsel:

The Court conducted a Motions Hearing on March 29, 2021 addressing the Defendant's Motion to Dismiss Indictment Without Prejudice (ECF No. 122) and the Government's Motion to Strike Rule 16 Notice, Exclude Defendant's Experts (ECF No. 102, supplemented by ECF No. 125), as well as other pre-trial matters.  This Letter Order summarizes this Court's rulings as set forth on the record in this case.

For the reasons set forth on the record, and in consideration of this Court's previous Memorandum Opinion (ECF No. 78), 18 U.S.C. § 3161(h)(1)(D), (h)(8)(A), and the U.S. Court of Appeals for the Fourth Circuit's rulings in *United States v. Hopkins*, 310 F.3d 145, 150 (4th Cir. 2002); *United States v. Parker*, 30 F.3d 542, 546 (4th Cir. 1994); and *United States v. Henry*, 538 F.3d 300, 304 (4th Cir. 2008), **the Defendant's Motion to Dismiss Indictment Without Prejudice (ECF No. 122) is DENIED.**

**The Government's Motion to Strike Rule 16 Notice, Exclude Defendant's Experts (ECF No. 102, supplemented by ECF No. 125) is GRANTED IN PART and DENIED IN PART**.  With respect to the Defendant's proffered DNA expert, Dr. Karl Reich,

this Court previously held that Dr. Reich was qualified to testify as an expert in DNA but that he would not be permitted to opine on what law enforcement should have done in conducting its investigation, including opinions on issues such as how the evidence should have been collected, or whether the ATF biologist should have obtained additional DNA to compare to the minor contributor. (ECF No. 121.) For the reasons stated on the record at the hearing on this date, this Court now also rules that Dr. Reich is permitted to testify on the matter of the DNA found on the glove, including that of the minor contributor who has since been identified. Furthermore, he is permitted to opine as to the lack of DNA on the Velcro/fastener area of the glove. He is not permitted to testify on the matters included in the remaining portions of his report (ECF No. 123), including his opinion with respect to the ultimate identification of a second DNA contributor as well as his criticism of law enforcement's investigation. This Court requests that Defense Counsel submit an updated version of Dr. Reich's report, consistent with this Court's rulings as set forth on the record.

With respect to the Defendant's proffered witness in fire investigations, Raymond C. O'Brocki, this Court previously held that Mr. O'Brocki was likely qualified to testify as an expert in the field of fire investigations. (ECF No. 121.) However, this Court specifically held that he would not be permitted to testify to the portions of a report that included opinions on the use of dogs, why gloves may retain gasoline, or how the Government should have conducted its investigation, as such topics are not within his area of expertise. As indicated on the record at the hearing of this date, Mr. O'Brocki has proffered an opinion that the fire at issue in this case is more consistent with an electrical fire than a firebombing. That opinion appears totally predicated upon the Defendant's

contention that unlicensed contractors performed remodeling of bathrooms at the bar destroyed by the fire.  Based on this contention, Mr. O'Brocki opines that the fire in question originated from an area above the bathroom, which in his opinion may have been the result of faulty wiring.  (ECF No. 124.)

As the Defendant has documented that Mr. O'Brocki is currently certified as a fire investigator (ECF No. 128), this Court now rules that he is qualified to testify as an expert in this field.  However, the only factual basis for his proffered opinion as to the cause of the fire is based upon the assertion of others that there was electrical work performed by unlicensed contractors in the bathrooms which was never inspected.  For the reasons set forth on the record at the hearing of this date, Mr. O'Brocki will not be permitted to testify as to expectation bias or offer any other criticism of law enforcement's investigation.  However, he will be permitted to testify that issues related to electrical wiring may have caused the fire, but only if the Defendant can provide documentation that there was in fact work performed by unlicensed contractors which was never inspected.

**The Defendant has until Thursday, April 1, 2021 at noon to provide the Government with such evidence**.  This Court requests that Defense Counsel submit an updated version of Mr. O'Brocki's report narrowed to his opinion that the fire may have been caused by an issue in electrical wiring if the necessary evidence is provided.

At the hearing on March 29, 2021, this Court also requested that **the Defendant respond to the Government's proposed stipulations by Thursday, April 1, 2021 at noon**.  Finally, this Court ordered that **the Pretrial Conference for this case will be held on Monday, April 5, 2021 at 2:00 p.m. in Courtroom 5D**.

Although informal in format, this letter nonetheless constitutes an Order of Court and the Clerk is directed to docket it as such.

Sincerely,

/s/

Richard D. Bennett
United States District Judge