IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | | Criminal Action No. RDB-19-438 |
| JAMIE CLEMONS, | * | Civil Action No. RDB-23-1190 |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This case arises out of events outside of Coconut Charlie's, a restaurant and bar in Pasadena, Maryland, at 1:00 a.m. on Saturday, June 22. The Petitioner, Jamie Clemons, assaulted his girlfriend. An Ann Arundel County police officer witnessed the assault, which was also captured by the video surveillance system of the restaurant. (ECF No. 172.) Clemons was charged with assault in state court and served with a summons on July 27, 2017. His response was to set fire to Coconut Charlie's in the early morning hours of Friday, July 28, 2017, in an attempt to destroy the video evidence. He was ultimately convicted on state charges relating to this assault.

On April 6, 2021, Petitioner Jamie Clemons pled guilty to Count One of the Indictment in the above-captioned case, which charged him with Malicious Destruction of Property by Fire, (ECF Nos. 1, 166), and the Government dismissed the charges in the Superseding Indictment, (ECF Nos. 28, 168). On October 29, 2021, this Court sentenced Clemons to 108 months of imprisonment, with credit for time-served in federal custody beginning September 12, 2019, to be followed by three years of supervised release. (ECF No. 189.) He was also ordered to pay restitution in the amount of $560,346.26. (*Id.*)

Clemons did not file an appeal this Court's Judgment until May 28, 2024, long after the time prescribed in Fed. R. App. P. 4(b)(1)(A)(i) expired. (ECF No. 210.) That appeal remains pending, and prior to that filing, Clemons sought various other means of post-conviction relief. On May 4, 2023, Clemons filed the pending *pro se* § 2255 Motion (ECF No. 191), which he moved to amend on July 12, 2023. (ECF No. 195.) On October 12, 2023, Clemons filed the pending *pro se* Motion for Summary Judgment (ECF No. 197.) On November 30, 2023, Petitioner supplemented his § 2255 Motion. (ECF No. 198.) On April 4, 2024, the Government responded in opposition to Petitioner's filings, asserting that Petitioner's claims are time-barred, procedurally barred, and meritless. (ECF No. 208.) Clemons replied on April 18, 2024. (ECF No. 209.)

Most recently, on June 6, 2024, Clemons's defense counsel filed a four-page Motion to Withdraw Guilty Plea (ECF No. 213), which is essentially based on one inadvertent error in stating the case number of the case. While the Government has not responded to this recently filed submission, no response is necessary. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md 2023). For the reasons that follow, Clemons's *pro se* Motion to Vacate (ECF No. 191) is **DENIED**; his *pro se* Motion for Summary Judgment (ECF No. 197) is **DENIED AS MOOT**; and his Motion to Withdraw Guilty Plea (ECF No. 213) is **DENIED**. With respect to the Motion to Vacate (ECF No. 191), Clemons's arguments are unavailing. Notably, his § 2255 Motion is time-barred, as he filed the motion past the one-year statute of limitations prescribed by § 2255(f). The Motion also fails to meet the procedural requirements set forth in case law: namely, there exists no cause to allow the Motion and no actual prejudice would result from disallowing it. Additionally, the assistance

of Clemons's counsel was not ineffective, and Clemons's guilty plea was both knowing and voluntary as required by Fed. R. Crim. P. 11(b). Because his Motion to Vacate fails, his Motion for Summary Judgment (ECF No. 197) is of no consequence. With respect to the Motion to Withdraw Guilty Plea (ECF No. 213), Clemons has not offered credible evidence that his plea was not knowing or otherwise voluntary; has not credibly asserted his legal innocence; and this Court finds that he had the benefit of competent counsel at the time of the proceedings. Moreover, there has been significant delay between entry of the plea and counsel's filing of this motion, and withdrawal at this late stage would undoubtedly cause prejudice to the Government, inconvenience the Court, and waste judicial resources.

## BACKGROUND

### I.  The Underlying Offense

On July 28, 2017, Petitioner Jamie Clemons set fire to Coconut Charlie's, a bar and restaurant in Pasadena, Maryland. (ECF No. 172 at 3.) Clemons was attempting to destroy the bar's surveillance system in order to conceal evidence of an assault he had committed against his girlfriend on the patio area outside of Coconut Charlie's on July 22, 2017. (*Id.* at 3–4.) In connection with the July 22, 2017 assault, Clemons was charged with second degree assault and theft less than $100 in the District Court of Maryland for Anne Arundel County. (*Id.* at 3.) He was served a summons for these state charges on July 27, 2017. (*Id.* at 3–4.)

During the early morning hours on July 28, 2017, Clemons threw several incendiary devices of his own creation—plastic cups filled with gasoline and with cloth wicks that he lit prior to throwing—onto the building. (*Id.* at 4.) The fire that resulted destroyed the building, and a firefighter was injured while suppressing the fire. (*Id.* at 4.) The destruction of the

3

building caused over $500,000 in losses to the owner of Coconut Charlie's. (*Id.* at 5.) The building was destroyed, and the business was forced to permanently close. (*Id.* at 5).

A fire scene examination was conducted, and investigators reviewed the exterior camera footage from the video recording system, which remained operational after the fire, and were able to observe multiple flashes of light, followed by a sustained fire on the west exterior of the structure. (*Id.* at 4.) The area of origin of the fire was determined to be the western exterior of the restaurant—the area where Clemons had assaulted his girlfriend a week earlier—and investigators determined the cause of the fire was incendiary. (*Id.*) Charred, melted plastic cups were located on the roof and exterior grounds of the building, and most were found to contain traces of gasoline. (*Id.*) A short distance away, a glove was found which tested positive for the presence of an ignitable liquid and contained Petitioner's DNA. (*Id.*) A federal search warrant obtained in November 2017 for Clemons's cell phone revealed that after the assault and in the days leading up to the fire, Clemons sent multiple text messages expressing concern as to whether police would obtain the video surveillance of the assault and what the video had captured. (*Id.* at 4–5.)

## II. Relevant Procedural History

On September 11, 2019, the Grand Jury returned a one-count Indictment, charging Clemons with Malicious Destruction of Property by Fire. (ECF No. 1.) On February 27, 2020, the Grand Jury returned a two-count Superseding Indictment, charging Clemons with Malicious Destruction of Property by Fire and Possession of an Unregistered Firearm/Destructive Device. (ECF No. 28.)

On April 22, 2020, the Government moved *in limine* to admit intrinsic evidence alternatively as Fed. R. Evid. 404(b) evidence. (ECF No. 56.) Therein, the Government identified fourteen categories of evidence that it intended to introduce as either intrinsic evidence or as Rule 404(b) evidence. (ECF No. 56 at 4–12; ECF No. 75 at 1–6.) After the motion was fully briefed, (*see* ECF Nos. 56, 57, 75), this Court held a motions hearing on November 3, 2020. (ECF No. 77.) On November 4, 2020, this Court issued a Memorandum Opinion and Order (ECF Nos. 88, 90), denying without prejudice the Government's motion as to eleven of the fourteen categories of evidence; granting the Government's motion as to two of the categories, finding that they were either intrinsic to the case or proper 404(b) evidence, and withholding judgment on the evidence proffer regarding Clemons's 2010 charges for arson threat, burglary, assault, and fleeing. (ECF No. 88 at 2–3.) After the Government provided additional documentation for the July 2010 charges, the Court granted the motion and asked the parties to suggest appropriate redactions for the related state charging documents. (ECF No. 111 at 1–2.)

A two-week trial was set to begin on April 12, 2021. (ECF No. 152.) On April 6, 2021, Petitioner's attorney filed a letter with the Court advising that "Clemons will tender a plea of guilty to the original one count indictment" and indicating that Clemons "[was] requesting that the proceeding be conducted remotely and he specifically waives his right to proceed in open court." (ECF No. 165.) Therein, defense counsel noted "Clemons recognizes that by pleading guilty, he is waiving his right to appeal all evidentiary rulings made by [the Court]" and further confirmed that he "ha[d] reviewed all of the above with [Clemons.]" (*Id.*) As acknowledged in

5

an earlier filing by the Government, it was agreed that the Superseding Indictment would be dismissed once Clemons was sentenced on his guilty plea to the indictment. (ECF No. 164.)

On April 6, 2021, the Court held a Rule 11 hearing. (ECF No. 166.) The Undersigned Judge advised Clemons on the record that while either side was free to appeal the sentence imposed, he was waiving "any other appellate rights, particularly in terms of any of the evidentiary issues and rulings [this Court] made[.]" (ECF No. 206 at 7, 12, 26.) The Court inquired whether Clemons was satisfied with his defense counsel and the legal representation that he received and Clemons confirmed that he was fully satisfied. (*Id.* at 11–12.) Clemons also confirmed he understood all the possible consequences of his guilty plea. (*Id.* at 20.) After the Government provided a summary of the facts to support the Court's acceptance of the guilty plea, (*id.* at 31–35), Clemons confirmed that it was an accurate summary and that he committed the crime and entered a guilty plea. (*Id.* at 36.) The Court then stated the following:

> It is the finding of this Court in the case of *United States v. Jamie Clemons* . . . that the Defendant is fully competent and is capable of entering an informed plea, and that the Defendant is aware of the nature of the charges in this matter. And the Court further finds this plea of guilty on the advice of competent counsel, whose services he is satisfied, is a knowing and voluntary plea supported by independent bases and fact sustaining each of the essential elements of the offense charged. The plea is to be accepted and the Defendant is now adjudged guilty of the offense set forth in the one-count original indictment, specifically, guilty of malicious destruction of property by fire in violation of 18 United States Code § 844(i).

(*Id.* at 36–37.)

On October 29, 2021, this Court sentenced Clemons to 108 months of imprisonment, with credit for time-served in federal custody beginning September 12, 2019, to be followed by three years of supervised release. (ECF No. 189.) He was also ordered to pay restitution in the amount of $560,346.26. (*Id.*) Pursuant to Fed. R. App. P. 4(b)(1)(A)(i), Clemons was

required to file notice of appeal within 14 days after the Court's entry of judgment (i.e., by November 12, 2021). While a district court may grant an extension of up to 30 days to file a notice of appeal upon a showing of excusable neglect or good cause, Fed. R. App. P. 4(b)(4), Clemons did not file an appeal until May 28, 2024. (ECF No. 210.)

That appeal remains pending and Clemons has sought various other means of post-conviction relief. On May 4, 2023, Clemons filed the pending *pro se* § 2255 Motion (ECF No. 191), which he moved to amend on July 12, 2023. (ECF No. 195.) On October 12, 2023, Clemons filed the pending *pro se* Motion for Summary Judgment (ECF No. 197.) On November 30, 2023, Petitioner supplemented his § 2255 Motion. (ECF No. 198.) In brief, Clemons advances three arguments through his Motion to Vacate, including that the Court erroneously admitted Fed. R. Evid. 404(b) evidence regarding Petitioner's past conduct, thus violating Clemons's right to due process; that Clemons's attorney rendered ineffective assistance of counsel in failing to challenge the Court's admission of the 404(b) evidence; and that due to the Court's admission of the 404(b) evidence, Clemons was induced to enter a guilty plea which was thus not knowing and voluntary, against the requirements of Fed. R. Crim. P. 11(b)(2). (ECF No. 191.) In his subsequent Motion for Summary Judgment, Clemons reasserts his arguments regarding the improper admission of the 404(b) evidence. (ECF No. 197.) On April 4, 2024, the Government responded in opposition to Petitioner's *pro se* filings, asserting that Petitioner's claims are time-barred, procedurally barred, and meritless. (ECF No. 208.) Clemons replied on April 18, 2024. (ECF No. 209.)

Most recently, on June 6, 2024, Clemons's defense counsel filed a four-page Motion to Withdraw Guilty Plea (ECF No. 213), which is also pending on this Court's docket. Therein,

Clemons argues that "[a]t no time did [this Court] determine that [he] was fully incompetent and capable of entering an informed plea," and "[t]he guilty plea . . . was never accepted by [this] Court," making it subject to withdrawal. (*Id.* at 2–3.) Clemons contends that "the guilty plea . . . was induced by the trial court's misstatement of the law." (*Id.* at 3.) While the Government has not responded to this recently filed motion, no response is necessary. The three pending motions in this case (ECF Nos. 191, 197, 213) are ripe for review.

## STANDARD OF REVIEW

### I. Motion to Vacate Under § 2255

As Petitioner has filed his § 2255 Motion *pro se*, his Motion to Vacate will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

It is well-settled that a § 2255 motion is not a means to circumvent a proper ruling on appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). A § 2255 motion does not enable the defendant to "recast, under the guise of collateral attack, questions fully considered

by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, in general, "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, a petitioner may raise novel claims only where the petitioner demonstrates both "cause" and "actual prejudice." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro*, 538 U.S. at 509. An ineffective assistance of counsel claim requires that a petitioner satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

## II. Post-Sentencing Motion to Withdraw Guilty Plea

There is no absolute right to withdraw a guilty plea, *see United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), thus the defendant has the burden of showing a fair and just reason for withdrawal. *United States v Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (citing *Moore*, 931 F.2d at 248; *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995) (a "fair and just" reason is one that "essentially challenges" the fairness of a proceeding under Fed. R. Crim. P. 11)). In determining whether a defendant has met his burden, courts consider multiple factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial

9

resources. *See Moore*, 931 F.2d at 248.

Here, Clemons is making a post-sentencing challenge to his guilty plea. "[P]ost-sentencing motions to withdraw guilty pleas have a particularly difficult road to hoe, and denial will only be reversed on appeal where the district court has abused its discretion in a manner which is 'marred by a fundamental defect that inherently resulted in a complete miscarriage of justice, or in omissions inconsistent with rudimentary demands of fair procedure.'" 1 FOURTH CIRCUIT CRIMINAL HANDBOOK § 90 (2024) (citing *United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2007) (quoting *Ubakanma*, 215 F.3d at 425)).

## ANALYSIS

This Court first addresses Clemons's pending *pro se* motions (ECF Nos. 191, 197) before turning to the recently filed motion to withdraw guilty plea (ECF No. 213).

**Motion to Vacate (ECF No. 191)** Clemons advances three arguments in support of his § 2255 Motion. First, he contends that his due process rights under the Fifth Amendment were violated when the Court admitted 404(b) evidence related to Clemons's 2010 arson threat without testimony, and that this violation induced him to enter a guilty plea. (ECF. No. 191 at 3.) Second, he asserts ineffective assistance of counsel due to his counsel's alleged failure to force the trial court to support its 404(b) evidentiary ruling under the four-prong test proffered in *United States v. Queen*, 132 F.3d 991 (4th Cir. 1997), and in violation of precedent set forth in *Crawford v. Washington*, 541 U.S. 36 (2004). (ECF No. 191 at 4.) Third, he argues that because he was deprived of due process rights and because of the ineffective assistance of his counsel, his guilty plea was not knowing and voluntary, in violation of Fed. R. Crim. P. 11(b)(2). (ECF No. 191 at 6.)

### A. Clemons's § 2255 Motion is Time-Barred

As a preliminary matter, Clemons's § 2255 Motion is time-barred under 28 U.S.C. § 2255(f). Relevantly, § 2255(f) states that the one-year period of limitation begins at the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Notably, a judgment of conviction becomes final when a petitioner declines to pursue an appeal. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Here, Clemons failed to appeal his conviction within 14 days of the Court's entry of judgement on October 29, 2021. Rather, Clemons filed his § 2255 Motion in May 2023, some 18 months later. (ECF No. 191.) Additionally, Clemons was not impeded from filing an appeal by any governmental action, he need not have relied on a subsequent Supreme Court ruling to grant him the right to appeal, and he does not assert the later discovery of any additional facts relevant to his defense. Indeed, Clemons's § 2255 Motion is based primarily on his own redefinition of his understanding of the Fed. R. Evid. 404(b) and surrounding precedent. (ECF No. 191.) Thus, Clemons's § 2255 Motion is time-barred under the section's statute of limitations.

Clemons asserts his motion is not time-barred despite his failure to file within the relevant one-year statute of limitations because he "was under the belief that this court [sic] made the correct ruling to admit the 404(b) prior bad acts evidence." (ECF No. 191 at 7.) In

substance, his argument is one for equitable tolling. While equitable tolling should be applied in § 2255 cases in some instances, *see Holland v. Florida*, 560 U.S. 631, 645 (2010); *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2020), there are no grounds for equitable tolling here. A petitioner is entitled to equitable tolling if he demonstrates that: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *See Holland*, 560 U.S. at 648. Petitioner has the burden to show entitlement to equitable tolling, *id.*, and Clemons has not demonstrated through his filings that either prong is satisfied. Accordingly, no equitable tolling shall be applied, and Petitioner's § 2255 Motion shall be DENIED as untimely.

### B. Clemons's Argument That His Due Process Rights Were Violated Is Procedurally Barred and Fails on the Merits.

Even if the Court were to accept Clemons's untimely § 2255 Motion, the Motion, including his argument that his due process rights were violated because of the Court's admission of 404(b) evidence, would be procedurally barred. Additionally, Clemons's argument that he would not have pled guilty if the 404(b) evidence were not admitted fails on the merits. As noted above, it is well-settled that a § 2255 motion is not a vehicle to circumvent a proper ruling on appeal, *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013), and a defendant will not "be allowed to recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (citing *Herman v. United States*, 227 F.2d 332 (4th Cir. 1955)).

Additionally, if a defendant waives an issue by failing to raise it on direct appeal and then later attempts to raise it as a collateral attack, that motion is procedurally barred. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622

12

(1998). An exception to this rule applies where a petitioner demonstrates both "cause" and "actual prejudice," *Wainwright v. Sykes*, 443 U.S. 72, 87 (1977), or where a petitioner can demonstrate that he is "actually innocent." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, (2004); *Reed v. Farley*, 512 U.S. 339, (1994); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Also, "questions of sufficiency of evidence are not reviewable in a § 2255 proceeding." *Epps v. United States*, 728 F. Supp. 1236, 1239 (D. Md. 1990).

Through his § 2255 Motion, Clemons advances three claims for the first time: (1) the violation of his Due Process rights; (2) ineffective assistance of counsel; and (3) based on the prior two assertions, that his guilty plea was neither knowing nor voluntary in violation of Fed. R. Crim. P 11(b)(2).

Here, Clemons has failed to show cause and actual prejudice, or actual innocence, that would justify hearing his claims for the first time on collateral review. First, no cause exists to justify allowing a court to hear Clemons's claims. The arguments underpinning his § 2255 Motion were available to him at the time of his defense, as they are not based case law or facts that did not exist or could not have been discovered at the time of his original defense and guilty plea.

As such, no prejudice would result from denying Clemons's § 2255 Motion. The case on which Clemons relies in arguing that witness testimony must be heard before admitting 404(b) evidence, *McClenny v. Meadows*, No. 7:18-CV-221, 2020 U.S. Dist LEXIS 221977 (W.D. Va. Nov. 26, 2020), does not indicate that witness testimony is required prior to the admission of such evidence. Indeed, the court in that case merely asked the prosecution to provide

13

additional documentation to demonstrate that the evidence was reliable. *Id.* at *2. Clemons also asserts that the admission of 404(b) evidence without its subjection to the adverse process, i.e., testimony, violates the Confrontation Clause as expressed in *Crawford v. Washington*, 541 U.S. 36 (2004). (ECF No. 191 at 7). In *Crawford*, the Supreme Court found a violation of the Confrontation Clause where out-of-court testimony was admitted. *Crawford*, 541 U.S. at 68. Here, however, this Court's order did not specify how the evidence pertaining to Clemons's 2010 arson threat would be presented at trial. (ECF No. 111.) Clemons also would not have been prevented from calling his own witnesses to disprove the allegation expressed in the 404(b) evidence. Additionally, the mere admission of this piece of 404(b) evidence would not have altered the outcome of the case. An ample array of evidence regarding the arson charges against him resulted in Clemons's pleading guilty under oath. Thus, no prejudice results from denying Clemons's § 2255 Motion.

Clemons does not assert his innocence, nor does he provide additional evidence that would support such an assertion. Thus, Clemons fails to present circumstances that meet the high bar required for this Court to consider his § 2255 Motion, in light of his initial guilty plea and failure to timely appeal. As such, Clemons's due process rights were not violated.

### C. Clemons's Claims of Ineffective Assistance of Counsel Hold No Merit

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To successfully challenge a sentence of imprisonment under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

First, under the "performance prong," the petitioner must show that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases," and was "below an objective standard of reasonableness," measured by "prevailing professional norms." *Id.* "Keenly aware of the difficulties inherent in evaluating counsel's performance, the Supreme Court has admonished that courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Lawrence v. Branker*, 517 F.3d 700, 708 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689). Actions that fall below an objective standard of reasonableness are "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Second, the petitioner must show that counsel's deficient performance "prejudiced [his] defense." *Strickland*, 466 U.S. at 687. To satisfy the "prejudice prong," a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 697; see *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (stating that, under the second prong, the petitioner must prove that the "result of the proceeding was fundamentally unfair or unreliable"). A court may determine whether prejudice has been shown before judging counsel's conduct for deficiencies. Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland*, 466 U.S. at 670. A petitioner must meet both prongs of the Strickland test to be entitled to relief. *See id.* at 687.

Here, Clemons's arguments regarding the ineffectiveness of his counsel fail to meet the high bar prescribed by *Strickland*. Clemons's attorney's conduct cannot be deemed beyond the

bounds of objective reasonableness under *Strickland*'s first prong, because as noted above Clemons's argument regarding the improper admission of 404(b) evidence is without merit. An attorney who fails to consider a meritless argument hardly could be labelled unreasonable. Regarding *Strickland*'s second prong, Clemons did not suffer prejudice as a result of his attorney's approach to his case. Even if the 404(b) evidence ruling had gone Clemons's way, it is unlikely Clemons would have gone to trial instead of pleading guilty on the basis of the 404(b) evidence's exclusion, in light of the other, more immediate evidence compiled against him. Thus, Clemons's claims of ineffective counsel hold no merit.

### D. Clemons's Argument That His Plea Was Thus Not Knowing and Voluntary Fails

Clemons's guilty plea was knowing and voluntary, contrary to the third argument in his § 2255 Motion. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal citation and quotations omitted). Here, Clemons was advised by competent counsel, as discussed above. Clemons then pled guilty. Thus, Clemons's argument that his plea was not knowing and voluntary fails.

### E. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's

16

motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Reasonable jurists would not find Petitioner's claims debatable. Accordingly, a certificate of appealability is DENIED.

## I. Motion for Summary Judgment (ECF No. 197)

Clemons's "Motion for Summary Judgment," filed October 12, 2023, merely emphasized his arguments regarding his § 2255 Motion. (ECF No. 197.) Insofar as the motion attempts to impel the Court to rule on the § 2255 Motion, because Clemons's § 2255 Motion's arguments have proven ineffectual, Clemons's Motion for Summary Judgment (ECF No. 197) is DENIED AS MOOT.

## II. Motion to Withdraw Guilty Plea (ECF No. 213)

On June 6, 2024, Clemons, through his attorney, moved to withdraw his guilty plea entered on April 6, 2021. (ECF No. 213.) Clemons argues that "[a]t no time did [this Court] determine that [he] was fully incompetent and capable of entering an informed plea," and "[t]he guilty plea . . . was never accepted by [this] Court," making it subject to withdrawal. (*Id.* at 2–3.) Clemons contends that "the guilty plea . . . was induced by the trial court's misstatement of the law." (*Id.* at 3.)

As noted above, there is no absolute right to withdraw a guilty plea, *see United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), thus the defendant has the burden of showing a fair and just reason for withdrawal. *United States v Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (citing *Moore*, 931 F.2d at 248; *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995)). In

17

determining whether a defendant has met his burden, courts consider multiple factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the Government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. *See Moore*, 931 F.2d at 248. The most significant of these factors are usually the first, second, and fourth. *See United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995).

With respect to the first factor, Clemons has not offered credible evidence that his plea was not knowing or otherwise voluntary. While the April 6, 2021 transcript reflects this Court's announcement of the incorrect case number (RDB-09-0608) following the announcement of the correct case caption (*United States v. Jamie Clemons*), this Court is unpersuaded by counsel's contention that this minor mistake means that the Court did not find Clemons fully competent and capable of entering an informed plea. Indeed, the transcript from the April 6, 2021 rearraignment readily contradicts counsel's claims to the contrary. (ECF No. 206.) At the beginning of the rearraignment, this Court announced the case of *United States v. Jamie Clemons*, Criminal Case Number RDB-19-0438. (*Id.* at 2.) Throughout the fifty-two-minute hearing, the Court referenced the docket in RDB-19-0438, the facts underlying the indictment, and the procedural posture of the case against Clemons appropriately. (*See generally* ECF No. 206.) The Court's single mistaken reference to the incorrect case number does not, as counsel suggests, spoil the validity of this Court's acceptance of Clemons's guilty plea to Count One of the Original Indictment.

The remaining factors also do not support withdrawal of Clemons's guilty plea. With respect to the second factor, Clemons has not credibly asserted his legal innocence. With respect to the third factor, there has been significant delay between entry of the plea—April 6, 2021—and counsel's filing of this motion on June 6, 2024. With respect to the fourth factor, this Court finds that Clemons had the benefit of competent counsel at the time of the proceedings. With respect to the fifth and sixth factor, withdrawal would undoubtedly cause prejudice to the Government and inconvenience the Court and waste judicial resources. Accordingly, Clemons's Motion to Withdraw Guilty Plea (ECF No. 213), filed through counsel on May 28, 2024, is **DENIED**.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 191) is **DENIED**; a Certificate of Appealability shall not issue with respect to the Petitioner's § 2255 Motion and is **DENIED**; the Clerk of this Court shall **CLOSE** the civil case (Civil Action No. RDB-23-1190); Petitioner's Motion for Summary Judgment (ECF No. 197) is **DENIED AS MOOT**; Clemons's Motion to Withdraw Guilty Plea (ECF No. 213) is **DENIED**; and the Clerk of this Court shall send copies of this Memorandum Opinion to the Petitioner and counsel of record.

A separate Order follows.

Dated:      June 26, 2024

/s/
Richard D. Bennett
United States Senior District Judge